In the Matter of the Application of FRANK COHEN, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act, against LEWIS J. VALENTINE, as Commissioner of Police of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund of the City of New York, and Others, Respondents.

First Department, March 13, 1942.

Irvin J. Goldsmith, for the appellant.

George G. Gallantz of counsel [Paxton Blair with him on the brief; William C. Chanler, Corporation Counsel], for the respondents.

COHN, J. On September 29, 1932, petitioner was appointed to the police department of the city of New York as a patrolman. While making an arrest on July 16, 1940, he sustained an injury to his left arm, left elbow and to both of his hands. As a result he was confined to his home until September 4, 1940, when he was ordered back to duty by a police surgeon who found that his left arm and hands had been restored to practically normal function. Petitioner continued in the performance of his regular duties for about ten days when on September 15, 1940, he suffered a stroke which resulted in a paralysis of the left side. His affliction was diagnosed as a cerebral thrombosis; it permanently prevented him from resuming his police duties.

By order of the board of trustees of the police pension fund petitioner was retired from his position on August 5, 1941. His pension was fixed at one-third pay or $1,000 per annum upon the ground that his disability was not service incurred. (N. Y. City Administrative Code, § B18-4.0, subd. a, ¶ 5.) Petitioner claims that he was disabled in the line of duty and is, therefore, entitled to a pension of not less than three-quarters of his salary at the time of his retirement, namely, $2,250 per annum. (Administrative Code, § B18-4.0, subd. a, ¶ 1.)

The statute under which petitioner was retired by recent amendment (effective March 29, 1940) makes the following provisions with respect to medical examinations and the right on the part of a member to obtain a review of such an examination:

" d. All medical examinations required by or made pursuant to the provisions of this article shall be conducted by a medical board appointed by the commissioner, provided, however, that any member, *within thirty days after receipt of the decision of such medical board, in writing* may request that the decision of such

board be reviewed by a special medical board which shall consist of one doctor of the medical board and a doctor selected and compensated by such member. The decision of such special board shall supersede the decision of the medical board. In the event that the two doctors of the special board shall disagree, a recognized specialist on the condition, disease or injury for which such member has been examined or for which disability is claimed shall be selected by such doctors to be a third member of the special board. The decision of a majority of the three members of such special board shall supersede the decision of the medical board. The specialist selected by the two doctors of the special board shall be compensated by the city. Such compensation shall be fixed by the comptroller and shall be subject to his audit.

" e. The board of trustees shall have the power to grant, award or pay a pension on account of physical or mental disability or disease, only upon a certificate of a medical board or a special medical board after examination as provided in subdivision d of this section. *Such certificate shall set forth the cause, nature and extent of the disability, disease or injury of such member.*" (Italics ours.) (Administrative Code, § B18–4.0, subd. a, ¶ 5.)

Notwithstanding the requirement that the certificate of the medical board set forth the cause, nature and extent of the disability, disease or injury of such member, the only notice of the decision which petitioner received was the following communication:

" P. F. 26

POLICE DEPARTMENT

City of New York

" From:      Chief Surgeon.
" To:      Ptl. Frank Cohen, #18753, 47th Pct.
" Subject:      Result of Medical Examination.

" 1. Pursuant to the provisions of Section B18-4.0 (d) of the Administrative Code of the City of New York, you were examined by a medical board. As a result of such examination you are hereby notified that the said medical board has found you physically incapacitated to perform full police duty by reason of cerebral thrombosis; weakness and partial paralysis of left arm and leg, and has recommended to the Police Commissioner, as Chairman of the Board of Trustees of the Police Pension Fund, that you be retired from the Uniformed Force of the Police Department of the City of New York because of such disability.

" 2. Section B18-4.0 (d) provides that any member of the Police Force, within thirty (30) days after receipt of the decision of such medical board, may, in writing, request that the decision of such

medical board be reviewed by a special medical board which shall consist of one doctor of the medical board and a doctor selected and compensated by such member.

"You will acknowledge receipt of this official communication on a duplicate-original hereof with your signature below the words 'Above Notice Received,' and insert the date of receipt by you above your signature.

"(Signed)      CHARLES J. DILLON,
"*Chief Surgeon.*

"Above Notice Received, this 27th day of Feb. 1941
"(Signed)      FRANK COHEN
"(Signature)."

It will be observed that in the decision of the medical board above quoted no mention is made, as the statute commands, of the *cause* of the disability. To the petitioner that information was most important. He was clearly entitled to know whether the medical board of the police department had found that his disability was service incurred or non-service incurred. (*Matter of Newbrand* v. *City of Yonkers*, 285 N. Y. 164, 177.)

There is proof in the record that the medical board had decided that the disability was not caused in, or induced by, the actual performance of the duties of petitioner's position. On February 1, 1941, he was examined by Dr. Walker, a police surgeon, who forwarded to the board of trustees a report wherein he stated his opinion that petitioner's disability was not incurred while in the actual performance of duty. No copy of this report was served upon petitioner. Moreover, as shown by a letter sent by Dr. Walker to his chief surgeon on October 14, 1941, the petitioner was examined by a medical board consisting of three police surgeons who decided that his present condition was purely neurological in nature and bore no relation to his injury of July 16, 1940. In spite of all this, the copy of the decision served on petitioner contained no statement as to the cause of his disability.

By provision of law, petitioner is entitled not to a portion of the decision of the medical board but to its complete decision, particularly where, as here, the part omitted relates to the subject-matter of the whole controversy between the parties. As petitioner was not notified of the decision of the medical board with respect to their ruling that his disability was not service incurred he, of course, was in no position to appeal from such a determination. Petitioner was thus deprived of an important right which is allowed him by statute, namely, the right to appeal to a special medical board.

The record shows that Dr. Foster Kennedy, an honorary police surgeon and a noted specialist in neurology, was of the decided opinion that the injury from which petitioner is now suffering was service incurred. Petitioner's case was referred to him as early as August 2, 1940, and petitioner was under his care almost continuously thereafter. While the three police surgeons of the medical board differed with Dr. Kennedy's conclusion, by virtue of the statute as recently amended petitioner was entitled to have the decision of the board reviewed by a special medical board, whose determination would supersede the decision of the medical board.

Because of the failure to serve the notice required by statute, petitioner was never properly retired from the department. He should be served with a copy of the decision which sets forth the findings of the medical board. He will then be privileged to file, within thirty days, a written request for an examination by a special medical board. If he avails himself of this right, upon receipt of the decision of the special medical board, the board of trustees is then empowered to act upon the application for retirement.

For the foregoing reasons the order should be modified by directing a reinstatement of the petitioner and directing that the medical board serve upon petitioner a notice of decision in compliance with the statute, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.

MARTIN, P. J., TOWNLEY and DORE, JJ., concur; CALLAHAN, J., dissents and votes to affirm.

Order modified by directing a reinstatement of the petitioner and directing that the medical board serve upon petitioner a notice of decision in compliance with the statute, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant. Settle order on notice.